**No. 46300.**—Protests 939982–G, etc., of Joseph Dixon Crucible Co. (New York).

Opinion by KEEFE, J. In accordance with agreement of counsel and following *Starkey* v. *United States* (6 Cust. Ct. 118, C. D. 444) certain of the graphite was held dutiable as amorphous graphite at 10 percent under paragraph 213 and some at 5 percent under the same paragraph by virtue of the trade agreement with the United Kingdom, T. D. 49753, as claimed.

**No. 46301.**—Protests 992953–G, etc., of Berolio Import Co. et al. (Baltimore, etc.).

Opinion by KEEFE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 46302.**—Protests 997041–G/11756, etc., of M. Olaf H. Olsen, M. E. et al. (New Orleans, etc.).

Opinion by KEEFE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, SEPTEMBER 12, 1941

**No. 46303.**—Protests 50834–K/90080, etc., of Judson-Sheldon Corp. (Chicago).

Opinion by WALKER, J. In accordance with stipulation of counsel that the merchandise in question is the same in all material respects as that the subject of Abstract 45347 the claim at 30 percent under paragraph 214 was sustained.

**No. 46304.**—Protest 996861–G of Wendling Nathan Co. (San Francisco).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed under the provisions of section 601 (c) (6), Revenue Act of 1932, as amended, should have been assessed only on the net footage imported. The protest was therefore sustained.

BEFORE THE THIRD DIVISION, SEPTEMBER 12, 1941

**No. 46305.**—Protest 87089–G of Wah Young Co. (Seattle).

Opinion by CLINE, J. In accordance with stipulation of counsel that the merchandise is similar in all material characteristics to certain articles the subject of *Oy Wo Tong* v. *United States* (5 Cust. Ct. 70, C. D. 372) the claim for free entry under paragraph 1567 was sustained.